# Sprout, Waldron & Company, Appellant, *v.* E. D. Eagal.

*Appeals—Verdict against weight of evidence.*

Where a jury errs in rendering a verdict against the weight of the evidence the remedy of the aggrieved party is in the court below and not in the Supreme Court.

*Sale—Guaranty—Evidence—Verdict—Burden of proof.*

In an action to recover the price of a flour mill sold under a guaranty that the mill would grind a certain number of bushels per hour, the burden of proof is upon the defendant to show that the mill was not according to the guaranty, but if upon conflicting evidence the jury return a verdict for the defendant, having been properly instructed as to the burden of proof, it necessarily implies a finding of the material facts in his favor, and the Supreme Court will not disturb the judgment entered upon the verdict.

Argued Oct. 18, 1899. Appeal, No. 130, Oct. T., 1899, by plaintiff, from judgment of C. P. Butler Co., June T., 1896, No. 47, on verdict for defendant. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before GREER, P. J.

The court charged as follows:

You have been sworn to try an action of assumpsit brought by the plaintiff against the defendant, to recover $1,098.50, which it alleges the defendant owes it for goods sold and delivered to him at Jamisonville, Butler county, Pa.

Sprout, Waldron & Company, the plaintiff, has become a corporation in the manufacture of grist mills and was so engaged on December 27, 1895. The agreement was signed by both parties and contained a covenant on part of the plaintiff that it would manufacture and furnish to the defendant two roller mills, and also that it would guarantee each of these mills, when properly erected, to grind from fifteen to twenty-five bushels per hour and make from twenty-five to thirty-two pounds of flour per bushel, and also, if erected according to the plans and flow sheets, and it did not do the work as represented, it would send a competent man to make it work; in consideration of this machinery and covenant on part of the plaintiff the defendant agreed to pay $1,065 in cash.

The defendant had two mills in Butler county, one at Unionville and one in Connoquenessing township, some miles away, which was in charge of O. W. Eagal, son of the defendant, both of whom claim to have had experience in managing roller mills for grinding other grain. The plaintiff shipped the machinery about the time agreed upon to the defendant. The plaintiff also includes in the suit a claim for $33.00, mentioned in the statement of claim read to you; this with the claim for the mills mentioned in the article of agreement, $1,065, amounts in all to $1,098.57, which the plaintiff claims with interest from February 15. If the case stopped here it would be your duty to find for the plaintiff for the full amount, except perhaps the first item of $18.00, and it is a question of fact for you to determine whether he ordered the part of the machinery included in that item.

The defendant says he does not owe the plaintiff anything, and claims that the verdict should be for him on the ground that neither of the mills would do the work as guaranteed by the plaintiff, that is, grind from fifteen to twenty-five bushels per hour and make from twenty-five to thirty-two pounds of flour per bushel. [He contends that both the mills were properly erected and that he has had experience in erecting mills] [1] and that these mills were properly put up and started in good running order, but that they would not grind more than from seven to ten bushels per hour and not make more than twenty-five pounds of good merchantable flour; that if they are forced to grind the amount per hour as guaranteed the flour is not

good merchantable flour, and on account of this, claims there is a breach of the guarantee which releases him from the contract. As a usual thing the burden of proof is on the plaintiff; here the plaintiff made out a case when the article of agreement was received in evidence, and the law places upon the defendant the burden of proving that the mills are not according to the guarantee. Before you can return a verdict for the defendant he must convince you by the weight of the evidence that they would not grind the amount per hour as guaranteed by the plaintiff; he must prove to you and satisfy you that they would not grind from fifteen to twenty-five bushels per hour or make from twenty-five to thirty-two pounds per bushel and make good merchantable flour, such as ordinarily made in custom mills and used and sold; [he must show by the weight of the evidence that the mills were properly erected in accordance with the plans and flow sheets, and that when he had tested the mills sufficiently to inform himself he notified the plaintiff to send a competent man, and if the plaintiff sent a man to examine them and he did not succeed in improving or bringing them up to the guarantee, and the defendant has notified the plaintiff to come and take them away and informed the plaintiff that he had canceled the contract, then the verdict must be for the defendant.] [2]

If the defendant has performed his part the plaintiff must make the mills do the work; they must grind the amount and must produce from twenty-five to thirty-two pounds per bushel; the mills must do both; to do one is not enough, and the flour must be of a good, ordinary quality, such as ordinarily made. [When the plaintiff sent the millwright, Mr. Housenecker, there, it was his duty to put the mills in good working order according to the contract; if he failed to do so, then the verdict must be for the defendant. Housenecker should not have left without making a fair test of both mills and putting them in good working order]; [3] and neither the defendant nor his son was bound to furnish a large amount to test them without an offer on the part of the plaintiff to compensate them, but it was their duty to aid and assist the gentlemen as far as reasonably in their power. Mr. Housenecker made no change upon the machinery except to reverse the rolls; he says they were set sharp to sharp and he changed them to dull to dull and they

did better and satisfied the defendant, and the defendant and his son both say that they were originally set dull to dull and Housenecker set them sharp to sharp. The testimony is for you ; you have heard the testimony of the defendant and his son and Mr. Pond and Mr. Stevenson as to the test made by them. Are they right? It is for you to say whether or not they told the truth. You also heard the testimony of House-necker and Gilman as to the examination and tests made by them. The plaintiff offered some flour in evidence. The defendant does not deny that the mills would make good flour, but says they would not at the rate per hour and amount per bushel as guaranteed. Unless the flour was made at the rate per hour it is of no importance. [The defendant under the contract has the right to keep the property if it does not come up to the guarantee and have a reduction of the purchase money or he can refuse to take it and give notice and be relieved of payment] ; [4] if there is a breach of the guarantee and in the event of a verdict for the defendant the plaintiff will take the machinery. The defendant has elected not to accept it, therefore, if you find for him, the plaintiff will have the right to take the machinery away; it is for you to say whether the mills did the work as guaranteed.

It has been argued on part of the plaintiff that the defendant agreed to settle and compromise ; this offer was not accepted by the company. As to the claim of $33.29, it is for you to say whether or not these articles were extras or part of the contract. This question will not come up if you find there was a breach of the contract and find for the defendant, but if you find there was no breach of the contract you will then consider these matters, and if you conclude they were extras, add them to the plaintiff's claim. You must decide the case upon the law and facts ; let no outside matters influence you in any way.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* among others were (1–4) above instructions, quoting them.

*Lev. McQuistion,* with him *J. G. Vanderlin, J. H. Wilson* and *Clarence E. Sprout,* for appellant, cited Freyman v. Knecht,

78 Pa. 141; Kase v. John, 10 Watts, 107; Burns v. Welch, 8 Yerg. (Tenn.) 117; Scattergood v. Wood, 79 N. Y. 263; Goersen v. Com., 99 Pa. 388; Minick v. Gring, 1 Pa. Superior Ct. 484; Parker v. Donaldson, 6 W. & S. 132; Tietz v. Philadelphia Traction Co., 169 Pa. 516; Harrisburg Car Mfg. Co. v. Lochiel Rolling Mill Co., 4 Pennypacker, 186; Hartje v. Collins, 46 Pa. 268.

*S. F. Bowser*, with him *John M. Thompson, W. C. Thompson* and *A. L. Bowser*, for appellee.

PER CURIAM, October 30, 1899:

Plaintiff company's right to recover in this case depended mainly upon disputed questions of fact which were clearly for the exclusive determination of the jury. The case was accordingly submitted to them by the learned trial judge with instructions which appear to be substantially accurate and adequate. The verdict in favor of defendant necessarily implies a finding of the material facts in his favor and against the plaintiff company. We find nothing in the record that requires us to sustain any of the specifications of error. There is nothing in any of them that requires discussion.

If the jury erred in rendering a verdict against the weight of the evidence (as to which we intimate no opinion), plaintiff company's remedy was in the court below, and not here.

Judgment affirmed.